USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/13/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNITED STATES OF AMERICA,

-against-

TIMOTHY LANGS, and
RICHARD ESTRELLA

Defendants.
-------------------------------------------------------------X

1:18-cr-235-GHW

ORDER

GREGORY H. WOODS, United States District Judge:

On April 10, 2020, Defendant Timothy Langs filed a motion (the "Langs Motion") requesting that the Court reconsider its denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Dkt. No. 143. The Langs Motion also requests that the Court order the Bureau of Prisons (the "BOP") to respond to his compassionate release application by a date certain. And, finally, the Langs Motion requests that the Court release him provisionally on bail pursuant to what he describes as the Court's inherent authority, as recognized in *Mapp v. Reno*, 241 F.3d 221 (2d Cir. 2001). On April 12, 2020, Mr. Langs' co-defendant, Richard Estrella, filed a separate motion (the "Estrella Motion" and, together with the Langs Motion, the "Motions"), requesting substantially the same relief on the same grounds as the Langs Motion. Dkt. No. 144. The Motions are denied for the reasons that follow.

First, there is insufficient basis for the Court to reconsider its prior denial of Defendants' motions without prejudice. Local Criminal Rule 49.1(d) governs motions for reconsideration. "Prior to the adoption of Local Criminal Rule 49.1, courts in this circuit applied the identical standard found in Local Civil Rule 6.3 of the Local Rules to motions for reconsideration in criminal cases. Thus, the standard of review for motions seeking reconsideration is the same under Local

Criminal Rule 49.1 as it is under Local Civil Rule 6.3 and the Federal Rules of Civil Procedure." *United States v. Rice*, No. 96-CR-407 (SJF), 2015 WL 7459925, at *1 (E.D.N.Y. Nov. 24, 2015) (internal citations omitted). "Motions for reconsideration are . . . committed to the sound discretion of the district court." *Immigrant Def. Project v. U.S. Immigration and Customs Enforcement*, No. 14-cv-6117 (JPO), 2017 WL 2126839, at *1 (S.D.N.Y. May 16, 2017) (citing cases). "Reconsideration of a previous order by the Court is an extraordinary remedy to be employed sparingly." *Ortega v. Mutt*, No. 14-cv-9703 (JGK), 2017 WL 1968296, at *1 (S.D.N.Y. May 11, 2017) (quoting *Anwar v. Fairfield Greenwich Ltd.*, 800 F. Supp. 2d 571, 572 (S.D.N.Y. 2011)). As such, reconsideration should be granted only when the moving party "identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Robinson v. Disney Online*, 152 F. Supp. 3d 176, 185 (S.D.N.Y. 2016) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013)) (internal quotation marks omitted).

Defendants point the Court to decisions by trial courts that have decided to hold untimely motions in abeyance, rather than denying them without prejudice, in particular, *United States v. Erick Canales*, No. 16 Cr. 212 (LAK), ECF Dkt. 1476 (S.D.N.Y. Apr. 7, 2020) and *United States v. Trevon Gross*, No. 15 Cr. 769 (AJN), ECF Dkt. 758 (S.D.N.Y. Apr. 6, 2020). Neither case suggests that the Court's decision to deny their motions without prejudice, rather than staying them, was incorrect as a matter of law. That the Court has the authority to defer adjudication of a motion is not a novel legal proposition, nor was it unknown to the Court at the time that the issue was decided by the Court. Rather than presenting the Court with new or overlooked law, the Motions merely present the Court with citation to cases with a preferred outcome. Therefore, the high bar required for motion for reconsideration has not been met.

Second, the Court declines to establish a date by which it expects the BOP to respond to Defendants' applications. Fundamentally, the Court does not believe that any such diktat would have teeth, because the Court lacks the tools with which to enforce it. The Court agrees with the analysis in the *Trevon Gross* case concluding that the statute does not permit waiver of the statutory exhaustion requirement, but does not envision how the text of the statute would be analyzed differently after the expiration of a putative deadline established by the Court. And the conditions for the Court to issue an order of mandamus do not appear to be satisfied. *See Anderson v. Bowen*, 881 F.2d 1, 5 (2d Cir. 1989). Defendants' Motions suggest the limited impact of such a specific demand by the Court in reliance on the bully-pulpit alone given the competing demands on the BOP as it responds to the national pandemic.

The Court would very much benefit from the view of the BOP with respect to the applications by Mr. Langs and Mr. Estrella. Therefore, the Court asks that the BOP act on each of Defendants' applications as promptly as practicable. Moreover, the Court requests that the BOP promptly alert the Court and each of the Defendants if they will be unable to evaluate the relevant Defendant's application prior to the expiration of the 30 day exhaustion period provided under the statute. If so, the Court requests that the Government consider the submission of an express waiver of that 30 day exhaustion requirement.

Finally, the Court denies the request that the Court grant either Defendant bail prior to the proper presentation and evaluation of a compassionate release motion. At the outset, the Court observes that there are substantial questions regarding whether *Mapp v. Reno*, 241 F.3d 221 (2d Cir. 2001), provides the Court the authority to grant the requested relief, including the following: First, because the holding of the case is limited to *habeas corpus* petitions. And, second, significantly, because the Second Circuit expressly recognized that a court's ability to grant such relief can be

3

constrained by statute. *Id.* at 231 ("In the absence of express statutory constraints, however, the mere fact that such plenary control exists is inadequate to effectuate any curtailment of the federal judiciary's power to grant bail to those who are properly before it. And, we cannot identify any existing statute that expressly limits the inherent authority of the federal courts in respect to the bail application before us.") Here, the Court has found that there is an express statutory constraint on its ability to grant the Defendants applications for compassionate release prior to the exhaustion of the statutory preconditions.

In any event, to the extent that *Mapp* provides the Court the authority to grant the requested relief, the Court declines to do so. As each Defendant's motion notes, the Second Circuit has "consistently, emphasized that this power [to grant bail to habeas petitioners] is a limited one, to be exercised in special cases only." *Id.* at 226. Here, the Court would not exercise its inherent authority to release either Defendant prior to the adjudication of a properly presented motion for compassionate release, because it would supplant the constraints built into the statute by Congress. More substantially, the Court has not yet decided that compassionate release is appropriate for either Defendant. The application raises substantial questions with respect to each of the Defendants in this case. Each was involved in a conspiracy to sell kilogram quantities of narcotics, and each has served only a relatively small fraction of his substantial sentence. The Court is not in a position now to grant either Defendant the relief that he seeks, even on a provisional basis. The Court expects to make a decision regarding the relief that is appropriate for each Defendant, if any, only after it has had the opportunity to review a fully briefed motion for compassionate relief filed on behalf of that Defendant, and the Government's response to the motion. The Court expects that briefing will address factors related to the Court's evaluation beyond the incremental risk to each Defendant associated with COVID-19.

The Clerk of Court is directed to terminate the motions pending at Dkt. Nos. 143 and 144.

SO ORDERED.

Dated: April 13, 2020

_____
GREGORY H. WOODS
United States District Judge