```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/11/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
:
UNITED STATES OF AMERICA,                :
:
      -v-                               :              1:18-cr-235-GHW
:
RICHARD ESTRELLA,                        :            ORDER
:
                    Defendant.   :
-----------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

      The July 10, 2024 application for early termination of Richard Estrella's supervised release is denied. Dkt. No. 168 (the "Application"). Section 3583(e) provides that a court may, after considering the factors set forth in 18 U.S.C. § 3553(a), "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice." 18 U.S.C. § 3583(e)(1). In evaluating an application, the court must consider the relevant factors under 18 U.S.C. § 3553(a), "such as deterrence, public safety, rehabilitation, proportionality, and consistency, when it decides to modify, reduce, or enlarge the term or conditions of supervised release." *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir.1997). District courts are not required to make specific findings of fact with respect to the relevant 3553(a) factors. Instead, "a statement that the district court has considered the statutory factors is sufficient." *United States v. Gammarano*, 321 F.3d 311, 315–16 (2d Cir. 2003) (quoting *United States v. Gelb*, 944 F.2d 52, 56–57 (2d Cir. 1991)) (internal quotation and alteration marks omitted).

      Early termination "is not warranted as a matter of course." *United States v. Fenza*, No. CR 03–0921(ADS), 2013 WL 3990914, at *2 (E.D.N.Y. Aug. 2, 2013). "Full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release

and does not warrant early termination." *Id.* "Section 3583(e) provides the district court with retained authority to revoke, discharge, or modify terms and conditions of supervised release following its initial imposition of a supervised release term in order to account for new or unforeseen circumstances. Occasionally, changed circumstances—for instance, exceptionally good behavior by the defendant . . . —will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *Lussier*, 104 F.3d at 36.

The Court has considered the applicable factors under 18 U.S.C. § 3553(a) and concludes that Mr. Estrella's Application should be denied. Mr. Estrella asserts that he is entitled to supervised release because he has complied with its requirements successfully. Through his counsel, Mr. Estrella asserts that he "has been a model supervisee with no infractions and steady employment . . . ." Application at 1. In addition to the fact that he has been steadily employed, Mr. Estrella's counsel points to his responsibilities providing medical care to his grandmother, and, most significantly, to his desire to move to the Dominican Republic to live with his daughter. Indeed, it is Mr. Estrella's desire to make that move that has been presented as the principal reason why he seeks early termination of his supervised release at this time. *Id.* at 3. The United States and the Probation Office both oppose Mr. Estrella's request. *Id.* at 1.

Mr. Estrella's asserted compliance with the conditions of his supervised release, his positive work history and reintegration into society is worthy of praise. But, at the same time, this is "what is expected of a person under . . . supervised release and does not warrant early termination." *United States v. Fenza*, 2013 WL 3990914, at *2. The Court recognizes the powerful impact of the birth of Mr. Estrella's child, but the responsibilities of parenthood do not by themselves justify early termination of supervised release. Mr. Estrella points to no new or unforeseen circumstances, and no exceptionally good behavior or other factors that warrant early termination.

2

The Court appreciates that Mr. Estrella wishes to travel internationally in order to live with his daughter.  Early termination of his supervised release may not be necessary in order for him to achieve that end.  The Court has authorized international travel by Mr. Estrella while he has been serving his term of supervised release.  *See* Dkt. No. 166.

Having duly considered all of the applicable factors, the Court concludes that there is no sufficient basis to terminate Mr. Estrella's supervised release early.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 168.

SO ORDERED.

Dated: July 11, 2024
New York, New York

_____
GREGORY H. WOODS
United States District Judge